

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50012 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01858-L-1 |
| v. | |
| PAULINO ZAVALA-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted April 5, 2016[**]
Pasadena, California

Before:  SILVERMAN and GRABER, Circuit Judges, and EZRA,[***] District
Judge.

A jury convicted Defendant Paulino Zavala-Garcia of knowingly importing

illegal drugs into the United States.  The court sentenced him to 60 months of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the Western District of Texas, sitting by designation.

imprisonment.  Defendant appeals his conviction and sentence.  He argues that the court failed to clarify ambiguous jury instructions, that the government's closing argument improperly raised propensity evidence and false inferences, that the jury instructions failed to require the government to meet its burden of proving every element of an offense, and that the court erred in imposing a 20-year statutory maximum sentence.  We affirm.

1.  Defendant first claims that the court erred in its response to a jury question asking whether the word "drugs" in the jury instructions referred literally to drugs or whether the term could include contraband.  We review for abuse of discretion a district judge's response to a question from the jury.  United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir. 2000).  In response to the jury's question, the judge referred the jury back to the original instructions.  The instructions required that the government prove beyond a reasonable doubt that the defendant knew that the substances he was bringing into the country "were methamphetamine, cocaine, fentanyl or some other prohibited drug."  The record, therefore, shows that the judge answered the jury's question; the response was not an abuse of discretion.

2.  Next, Defendant objects to the government's statement in its closing argument that the "defendant's not a welder," but he did "cross a welding machine

on multiple occasions," as an improper attempt to use propensity evidence that Defendant had smuggled drugs previously in a welding machine. At trial, Defendant objected to the prosecutor's remarks, though on different grounds. We review for abuse of discretion a district court's denial of an objection in closing argument. United States v. Etsitty, 130 F.3d 420, 424 (9th Cir. 1997) (per curiam). We review for plain error an objection not originally raised at trial. United States v. French, 748 F.3d 922, 937 (9th Cir.), cert. denied, 135 S. Ct. 384 (2014). Under either standard, we affirm. The disputed statement did not imply that Defendant had previously smuggled drugs. In fact, in rebuttal, the government said that "[t]he United States isn't arguing that he has smuggled drugs before." In context, the statement simply cast doubt on Defendant's explanation for why he—who is not a welder—was crossing the border with a welding machine on this occasion. The district court's ruling was neither an abuse of discretion nor plain error.

3. Defendant also challenges the jury instructions for failing to require the jury to find that Defendant knew which specific drugs he was importing. We review de novo alleged misstatements of law in jury instructions. United States v. Cortes, 732 F.3d 1078, 1084 (9th Cir. 2013). We have recently held that "the government need not prove that the defendant knew the precise type or quantity of the drug he imported." United States v. Jefferson, 791 F.3d 1013, 1019 (9th Cir.

2015), cert. denied, 2016 WL 532846 (U.S. Mar. 21, 2016) (No. 15-8101). Such knowledge is not an element of a drug-smuggling offense. Id. Under this precedent, there was no error.

4. Finally, Defendant challenges the application of the statutory maximum sentence because the jury instructions did not require the jury to find that Defendant knew which type of drugs he was importing. We review de novo challenges to the legality of a sentence. United States v. Tighe, 266 F.3d 1187, 1190 (9th Cir. 2001). Because knowledge of drug type is not an element of the offense under which Defendant was convicted, Jefferson, 791 F.3d at 1015, failure to include the knowledge of specific drug type in jury instructions does not affect the legality of the sentence.

**AFFIRMED**.